IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CRAIG LEE STROM,

        Petitioner,

v.

BRAD CAIN,

        Respondent.

Case No. 2:19-cv-01245-SI

OPINION AND ORDER

SIMON, District Judge.

Petitioner filed this 28 U.S.C. § 2254 habeas corpus action on August 7, 2019 challenging his August 2012 convictions in the Multnomah County Circuit Court for Rape, Unlawful Sexual Penetration, and Sexual Abuse.[1] This prompted the Court to issue

---

[1] Although the Court did not receive the Petition for Writ of Habeas Corpus until August 8, under the 'prison mailbox rule," a *pro se* prisoner's documents are deemed filed at the moment the prisoner delivers them to prison authorities for forwarding to the clerk of the court. *Saffold v. Newland*, 224 F.3d 1087, 1091 (9th Cir. 2000) (applying prison mailbox rule to state court petitions as well as federal petitions).

1 - OPINION AND ORDER

a Scheduling Order calling for an Answer and Response from Respondent, and a supporting memorandum from Petitioner 60 days thereafter. Respondent timely filed his Response and argues that Petitioner failed to file his Petition within the Anti-terrorism and Effective Death Penalty Act's ("AEDPA's") one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A) (habeas petitioners must generally file their cases within one year of the date their judgments become final). Although Petitioner's supporting memorandum was due on January 7, 2020, he has neither filed such a brief, nor has he otherwise communicated with the Court in any way since filing this case.

Although Petitioner fails to sustain his burden of proof in this proceeding, the Court has nevertheless reviewed the record and independently determined that he failed to timely file this case. His convictions became final, and the AEDPA's statute of limitations began to run, on September 14, 2012.[2] The statute of limitations ran unabated until Petitioner signed his Petition seeking post-conviction relief ("PCR") in Malheur County on May 31, 2013. Respondent's Exhibit 106. In all, 259 days accrued

---

[2] Petitioner's criminal Judgment recorded on August 15, 2012. As a result, he had 30 days in which to file a direct appeal. When he did not do so, the AEDPA's statute of limitations began to run.

between the finality of his criminal Judgment and his initiation of his state PCR proceedings which tolled the AEDPA's statute of limitations. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

Petitioner's PCR proceedings became final when his Appellate Judgment issued on June 27, 2018 following the conclusion of his PCR appeals. Respondent's Exhibit 150. At that time, Petitioner had 106 days to file this action. However, he did not sign his Petition for Writ of Habeas Corpus until August 7, 2019, allowing an additional 406 days to accrue. Thus, in total, Petitioner allowed 665 days to elapse prior to filing this federal habeas corpus case, placing him well outside of the AEDPA's one-year statute of limitations. Accordingly, the Petition is dismissed as time barred.

///
///
///
///
///

3 - OPINION AND ORDER

## CONCLUSION

The Petition for Writ of Habeas Corpus (#2) is dismissed on the basis that it is untimely. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 23rd day of January, 2020.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge